# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD & ELIZABETH HOLSWORTH | : | |
| 8359 Ferndale Street | : | |
| Philadelphia, PA 19111 | : | |
| | : | |
|          Plaintiffs | : | CIVIL ACTION NO.: |
|     v. | : | |
| | : | |
| PHILIP J. BERG, ESQUIRE | : | |
| 706 Ridge Pike | : | (Removed from Court of |
| Lafayette Hill, PA 19444 | : | Common Pleas, Philadelphia |
| | : | County, February Term 2004 |
|          Defendant | : | No.: 001336) |
|     v. | : | |
| | : | |
| CARPENTERS HEALTH AND WELFARE | : | |
|    FUND OF PHILADELPHIA AND VICINITY | : | |
| CARPENTERS PENSION AND ANNUITY | : | |
|    FUND OF PHILADELPHIA AND VICINITY | : | |
| CARPENTERS SAVINGS FUND OF | : | |
|    PHILADELPHIA AND VICINITY | : | |
| CARPENTERS JOINT APPRENTICE COMMITTEE | : | |
| NATIONAL APPRENTICESHIP AND HEALTH | : | |
|    AND SAFETY FUND | : | |
| METROPOLITAN REGIONAL COUNCIL OF | : | |
|    CARPENTERS, EASTERN PENNSYLVANIA, | : | |
|    UNITED BROTHERHOOD OF CARPENTERS | : | |
|    AND JOINERS OF AMERICA | : | |
| CARPENTERS POLITICAL ACTION COMMITTEE | : | |
|    OF PHILADELPHIA AND VICINITY | : | |
| 1803 Spring Garden Street | : | |
| Philadelphia, PA 19130 | : | |
|          Defendants | : | |

## NOTICE AND PETITION FOR REMOVAL TO FEDERAL COURT
## PURSUANT TO 28 U.S.C. § 1441

TO:    Clerk, United States District Court        Prothonotary
          United States District Court             Court of Common Pleas of
          Eastern District of Pennsylvania       Philadelphia County
          Office of the Clerk of Court             Certification Unit

| | |
|---|---|
| 601 Market Street, Room 2609 | City Hall |
| Philadelphia, PA 19106 | Philadelphia, PA 19106 |
| | |
| John Slowinski, Esquire | Philip Berg, Esquire |
| John Slowinski, Esquire, P.C. | Law Offices of Philip Berg |
| 7137 Torresdale Avenue | 706 Ridge Pike |
| Philadelphia, PA 19135 | Lafayette Hill, PA 19444-1711 |
| Counsel for the Plaintiffs | Defendant, *pro se* |

**PLEASE TAKE NOTICE** that defendants Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, the National Apprenticeship and Health and Safety Fund, Carpenters Political Action Committee of Philadelphia and Vicinity (collectively, the "Funds"), and the Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America (the "Union" and together with the Funds, the "Carpenters"), by and through undersigned counsel, hereby move that the above-captioned matter be removed from the Pennsylvania Court of Common Pleas, Philadelphia Division, to the United States District Court for the Eastern District of Pennsylvania as a case related to <u>Carpenters Health & Welfare Fund of Philadelphia & Vicinity v. Richard's Gen'l Contracting</u>, No. 01-2338 (E.D. Pa 2001). In support of this Notice of Removal, the Carpenters state as follows:

1. On February 9, 2004, the Plaintiffs, Richard and Elizabeth Holsworth (the "Holsworths") filed a Complaint against Defendant, Philip Berg, Esquire ("Berg") in the Pennsylvania Court of Common Pleas, Philadelphia Division. A true and correct copy of the Complaint is attached hereto as Exhibit 1. The case was captioned <u>Holsworth v. Berg</u>, February Term, 2004, Docket No. 001336 (the "State Court Action").

2. On February 9, 2005, Berg filed with the Pennsylvania Court of Common Pleas,

Philadelphia Division, in the State Court Action, a praecipe to issue writ and join the Carpenters as additional defendants.

3. On February 23, 2005, Berg mailed a Third-Party Complaint (a true and correct copy of which is attached hereto as Exhibit 2) to the Carpenters.

4. On or about February 26, 2005, counsel for Carpenters, received copies of the Complaint and Third Party-Complaint in the above matter.

5. The United States District Court for the Eastern District of Pennsylvania has original jurisdiction (based on a federal statute and rights) over the subject matter of the State Court Action, for one or more of the following reasons.

(a) The claims by the Holsworths against Berg relate to Berg's alleged failure to adequately represent the Defendants in Carpenters Health & Welfare Fund of Philadelphia & Vicinity v. Richard's Gen'l Contracting, No. 01-2338 (E.D.Pa) (Robreno, J.) (the "Federal Court Action"). The Federal Court Action was a case the Carpenters instituted under 29 U.S.C. §§ 185(a), 1132 and 1145, in which subject matter jurisdiction rests exclusively in the federal court. In the Federal Court Action, the Carpenters sought from Defendants, Richards General Contracting and Richard Holsworth the payment of delinquent fringe benefit contributions, interest, liquidated damages and attorneys' fees and costs under the Employee Retirement Income Security Act of 1974, as amended.

(b) Berg, in his Third-Party Complaint against the Carpenters, alleges that the Carpenters were fraudulently awarded the aforementioned delinquent fringe benefit contributions, interest, liquidated damages and attorneys' fees and costs under ERISA both in a Default Judgment entered on February 11, 2002 and in a Supplemental Judgment issued on August 29, 2003 and, thereafter, further perpetrated a fraud on the Holsworths and this Court by collecting these amounts from the Defendants in the Federal Court Action.

See, Exhibit 2, ¶ 17. In essence, Berg is once again trying to overturn the judgments which this Court has already entered in favor of the Carpenters against Richard's General Contracting and Richard Holsworth. This court seemingly had already slammed the door on Berg's prior attempt. Carpenters Health & Welfare Fund of Philadelphia & Vicinity v. Richard's Gen'l Contracting, No. 01-2338 (E.D.Pa July 2, 2002) (Order of Judge Waldman denying Defendants' Petition to Strike Off Default Judgment). Defense counsel made no effort -- until now -- to question the validity of the Supplemental Judgment.

 (c) Each of Berg's allegations relates, in whole or in part, to the rights of the Carpenters to pursue employers for recovery and collection of fringe benefit contributions, interest, liquidated damages and attorneys' fees and costs under 29 U.S.C. §§ 1132, 1145. Federal Courts hold exclusive jurisdiction over these claims.

 (d) Any claims (including state claims that are not subject to complete pre-emption) against the Carpenters are within the jurisdiction of this Court under 29 U.S.C. §§ 1132, 1145, 28 U.S.C. § 1331, or the supplemental jurisdiction of the Court under 28 US.C. §1367(a).

 6. The State Court Action may be removed to this Court by the Carpenters pursuant to the provisions of 28 U.S.C. §§ 1441, 1446.

 7. This Notice of Removal is being filed within thirty (30) days after service upon the Carpenters of the Complaint and is timely filed under 28 U.S.C. §1446.

 8. In addition to filing this Notice of Removal in the Office of the Clerk of the United States District Court for the East District of Pennsylvania, the Carpenters have caused a copy of this Notice of Removal to be filed and served upon the Prothonotary, Court of Common Pleas of Philadelphia County to effect removal of this action to the United States District Court pursuant to 28 U.S.C. §1446 and have served this Notice of Removal upon the attorneys for all parties to the State Court Action.

9. Pursuant to 28 U.S.C. §1446(d), the filing of the Petition with Prothonotary of the Pennsylvania Court of Common Pleas, Philadelphia Division effects the removal and the Court of Common Pleas shall proceed no further unless and until the case is remanded.

10. The Carpenters' time to Answer or otherwise move with respect to Berg's Third-Party Complaint has not expired. Further, upon the filing of this Notice of Removal, the Carpenters, if necessary, shall apply to the Clerk of the United States District Court for the Eastern District of Pennsylvania, for an extension of time to answer or otherwise respond to the Complaint for an additional 20 days.

**WHEREFORE**, the Carpenters pray that this action be removed from the Pennsylvania Court of Common Pleas, Philadelphia Division, to the United States District Court for the Eastern District of Pennsylvania, and further request that the action thereafter proceed in this Court before Judge Eduardo C. Robreno, the presiding judge in <u>Carpenters Health & Welfare Fund of Philadelphia & Vicinity v. Richard's Gen'l Contracting</u>, No. 01-2338 (E.D. Pa 2001), as an action properly removed thereto.

        Respectfully submitted,

        JENNINGS SIGMOND, P.C.

        BY: /s/
        ERIC B. MEYER (ID.NO.87969)
        SANFORD G. ROSENTHAL (ID.NO. 38991)
        The Penn Mutual Towers, 16th Floor
        510 Walnut Street, Independence Square
        Philadelphia, PA 19106-3683
        (215) 351-0660/0611

        Attorneys for Defendant Carpenters

Date: March 9, 2005

# CERTIFICATE OF SERVICE

I, ERIC B. MEYER, Esquire, state under penalty of perjury that I caused a copy of the foregoing Notice and Petition for Removal to Federal Court to be served via first class mail, postage-prepaid, to all interested parties as follows:

John Slowinski, Esquire
John Slowinski, Esquire, P.C.
7137 Torresdale Avenue
Philadelphia, PA 19135

Philip Berg, Esquire
Law Offices of Philip Berg
706 Ridge Pike
Lafayette Hill, PA 19444-1711

Dated:  March 9, 2005          /s/
                                            ERIC B. MEYER, ESQUIRE

**THIS DOCUMENT HAS BEEN FILED ELECTRONICALLY AND IS AVAILABLE FOR VIEWING AND DOWNLOADING FROM THE ECF SYSTEM**

149438_1