# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLSWORTH, *et al* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 05-cv-01116 (JCJ) |
| BERG, *et al* | : | |
| | : | |
| Defendants. | : | |

## THIRD-PARTY DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO THIRD PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT

Plaintiffs, Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, the National Apprenticeship and Health and Safety Fund, Carpenters Political Action Committee of Philadelphia and Vicinity (collectively, the "Funds"), and the Metropolitan Regional Council of Carpenters, Eastern Pennsylvania, State of Delaware and Eastern Shore of Maryland (the "Union" and together with the Funds, the "Carpenters") by and through their undersigned counsel, Jennings Sigmond, P.C., hereby answer the Third-Party Complaint of Philip Berg, Esquire ("Third-Party Plaintiff" or "Defendant") in the above-captioned matter as follows:

1. Admitted, except that Third-Party Defendant, "Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America" is currently known as the "Metropolitan Regional Council of Carpenters, Eastern Pennsylvania, State of Delaware and Eastern Shore of Maryland."

2. Admitted.

149637-1

3. Deny the knowledge or information sufficient to form a belief concerning the allegations contained in the paragraph 3 of Third Party Plaintiff's Third-Party Complaint. The Carpenters further state that the allegations contained in the paragraph 3 of Third Party Plaintiff's Third-Party Complaint call for legal conclusions to which no responsive pleading is required.

4. Deny the knowledge or information sufficient to form a belief concerning the allegations contained in the paragraph 4 of Third Party Plaintiff's Third-Party Complaint. The Carpenters further state that the allegations contained in the paragraph 4 of Third Party Plaintiff's Third-Party Complaint call for legal conclusions to which no responsive pleading is required.

5. Deny the knowledge or information sufficient to form a belief concerning the allegations contained in the paragraph 5 of Third Party Plaintiff's Third-Party Complaint. The Carpenters further state that the allegations contained in the paragraph 5 of Third Party Plaintiff's Third-Party Complaint call for legal conclusions to which no responsive pleading is required.

6. Decline to plead the allegations contained in paragraph 6 of Third-Party Plaintiff's Third-Party Complaint as the language in the Plaintiffs' Complaint speaks for itself.

7. Admitted in part and denied in part. It is admitted that the Plaintiffs in Civil Action No. 01-2338 (E.D.Pa), which include the Carpenters, filed a Request to Enter Default Pursuant to Fed. R. Civ. P. 55(a) on November 1, 2001. It is denied that a possible settlement had been negotiated between the Plaintiffs and Defendants in Civil Action No. 01-2338. It is further denied that the Carpenters were to contact Third-Party Plaintiff regarding an alleged settlement.

8. Deny the knowledge or information sufficient to form a belief concerning the allegations contained in paragraph 8 of Third-Party Plaintiff's Third-Party Complaint, except that in the Petition of Defendants Richard's General Contracting and Richard T. Holsworth to Strike Off Judgment Of Default

And/Or In The Alternative Open Default Judgment And Stay Of Execution filed on April 18, 2002 in Civil Action No. 01-2338 (E.D.Pa), Third-Party Plaintiff, on behalf of his clients, failed to specify a meritorious defense. See, Carpenters Health & Welfare Fund of Philadelphia & Vicinity v. Richard's General Contracting, No. 01-2338 (E.D.Pa July 2, 2002) (Order denying Defendants' Petition).

9. Admitted in part and denied in part. It is admitted that the plaintiffs in Civil Action No. 01-2338 (E.D.Pa) were awarded Default Judgment by this Court (Waldman, J.) in the amount of $4,726.17 on February 11, 2002. It is denied that the Default Judgment included Elizabeth Holsworth, one of the plaintiffs in the instant action.

10. Denied.

11. Admitted.

12. Admitted in part and denied in part. It is admitted that the Carpenters attached and were awarded $607.01. The Carpenters deny the knowledge or information sufficient to form a belief concerning the allegations contained in paragraph 12 of Third Party Plaintiff's Third-Party Complaint as to whose account was garnished by Wachovia Bank f/k/a First Union National Bank. The Carpenters further deny the allegations regarding the $12,658.67 and $9,488.66 aggregated amounts contained in paragraph 12 of Third Party Plaintiff's Third-Party Complaint.

13. Deny the knowledge or information sufficient to form a belief concerning the allegations contained in paragraph 13 of Third Party Plaintiff's Third-Party Complaint other than that Plaintiffs' Complaint speaks for itself.

14. Denied.

15. The Tapken Declaration of June 14, 2002 is a written document, the terms of which speak for themselves.

16. The Carpenters are unaware of any Memorandum of the Carpenters filed on June 1, 2002. To the extent that such a document exists, as it is a written document, the terms of the Memorandum speak for themselves.

17. The allegations contained in the paragraph 17 of Third Party Plaintiff's Third-Party Complaint call for legal conclusions to which no responsive pleading is required. Notwithstanding the foregoing, the Carpenters deny the allegations set forth in paragraph 17 of Third Party Plaintiff's Third-Party Complaint.

18. Decline to plead the allegations contained in paragraph 18 of Third Party Plaintiff's Third-Party Complaint insofar as they call for legal conclusions to which no responsive pleading is required.

19. Denied that Third-Party Plaintiff should be awarded judgment against the Carpenters.

WHEREFORE, the Carpenters respectfully request that the frivolous claims in Third Party Plaintiff's Third-Party Complaint be denied, that the Third-Party Complaint be dismissed with prejudice in its entirety, and that judgment be entered in favor of the Carpenters and against the Third Party Plaintiff for all attorneys' fees and costs incurred in defending this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Third Party Plaintiff has brought a frivolous lawsuit, in violation of Rule 11 of the Federal Rules of Civil Procedure which, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Third Party Plaintiff's Third-Party Complaint is barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Third Party Plaintiff's Third-Party Complaint is barred, in whole or in part, by the equitable principals of estoppel, waiver and laches.

>Respectfully submitted,
>
>JENNINGS SIGMOND, P.C.
>
>BY: /s  Eric B. Meyer, Esquire
>ERIC B. MEYER (ID NO. 87969)
>SANFORD G. ROSENTHAL (ID NO. 38991)
>The Penn Mutual Towers, 16th Floor
>510 Walnut Street, Independence Square
>Philadelphia, PA 19106-3683
>(215) 351-0611/0660
>Attorneys for Plaintiffs

Date: March 11, 2005

## CERTIFICATE OF SERVICE

      I, Eric B. Meyer, Esquire, state under penalty of perjury that I caused a copy of the foregoing Plaintiffs' Answer And Affirmative Defenses To Third Party Plaintiff's Third-Party Complaint to be served via first class mail, postage prepaid, on the date and to the address below:

John Slowinski, Esquire
John Slowinski, Esquire, P.C.
7137 Torresdale Avenue
Philadelphia, PA 19135


Philip Berg, Esquire
Law Offices of Philip Berg
706 Ridge Pike
Lafayette Hill, PA 19444-1711


Date: March 11, 2005                       /s Eric B. Meyer
                                                   ERIC B. MEYER, ESQUIRE


**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWEING AND DOWNLOADING FROM THE ECF SYSTEM**