# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HOLSWORTH and ELIZABETH HOLSWORTH, | : : : | CIVIL ACTION 05-1116 |
| Plaintiffs | : : | |
| v. | : : | |
| PHILIP J. BERG, ESQ., | : : | |
| Defendant | : | |

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                                              **April    , 2005**

This case has its origins in <u>Carpenters Health, et al v. Richard's General, et al</u>, 01-2338 (E.D. Pa. 2001), an Employee Retirement Income Security Act ("ERISA") action brought by Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America, and Carpenters Political Action Committee of Philadelphia and Vicinity ("Carpenters Health") against Richard T. Holsworth and Richard's General Contracting. After default judgment was entered against Mr. Holsworth, he and his wife brought a malpractice suit against Mr. Holsworth's attorney, Defendant Philip J. Berg, in the Court of Common Pleas of Philadelphia County. Defendant joined Carpenters Health as Third

Party Defendants, alleging that Carpenters Health had defrauded the court and Mr. Holsworth by pursuing collection of funds not actually due. The action was subsequently removed, and Third Party Defendants now move for summary judgment on Defendant's fraud claims. For the reasons which follow, Third Party Defendants' motion will be granted in its entirety.

## Facts

In May of 2001, Carpenters Health brought suit against Richard's General Contracting and its principal, Richard T. Holsworth, seeking payment of fringe benefit contributions, interest, liquidated damages, and attorney's fees and costs pursuant to the company's collective bargaining agreement and Sections 502 and 515 of ERISA. See 29 U.S.C. § 1132, 1145. Default was entered against the defendants in November of 2001, and a default judgment in the amount of $4,726.17 was granted in February of 2002. Two months later, in April of 2002, defendants' attorney, Philip J. Berg, filed a Petition to Strike Off Judgment or, in the Alternative, to Open Default Judgment and Stay Execution. On July 2, 2002, the Court denied this petition on its merits and entered judgment against the garnishee for $5,380.82, the default judgment amount plus interest and costs. This judgment was satisfied in September of 2002. In January of 2003, plaintiffs moved for supplemental judgment to recover an

additional $4,762.49 in attorneys' fees and costs incurred while opposing defendants' motion and collecting the judgment. Defendants failed to respond, and the motion was granted in August 2003. The supplemental judgment was satisfied in full in August of 2004.[1] See generally, Carpenters Health, et al v. Richard's General, et al, 01-2338 (E.D. Pa. 2001).

Plaintiffs Richard and Elizabeth Holsworth filed this suit against Defendant Philip J. Berg, Mr. Holsworth's attorney in the ERISA action, in February of 2004 in the Court of Common Pleas of Philadelphia County. Plaintiffs contend that Defendant was negligent in failing to respond to or otherwise defend the Carpenters Health suit, and seek judgment in the amount of $9,488.66, plus attorneys fees and costs. On February 9, 2005, Defendant moved to join Carpenters Health as Third Party Defendants, and the action was removed to this Court on March 9, 2005. Defendant, who is proceeding pro se in this matter, now alleges that the Carpenters Health suit wrongfully sought contributions that were never owed by Mr. Holsworth, and that the pursuit of these funds "constitutes a fraud upon the Court and a fraudulent taking from the Holsworth's." Berg Complaint, ¶ 17. Defendant seeks damages "in the amounts of $12,658.57 and $9,488.66" plus interest, attorney fees, and costs. Third Party

---

[1] These general facts are undisputed, although there appears to be some confusion on Defendant Berg's part as to the total dollar amount collected by Carpenters Health.

Defendants Carpenters Health have moved for summary judgment on this claim, and, as of the date of this Order, Defendant Berg has failed to respond.

**Legal Standard**

The purpose of summary judgment under Federal Rule of Civil Procedure 56(c) is to avoid a trial in situations where it is unnecessary and would only cause delay and expense. <u>Goodman v. Mead Johnson & Co.</u>, 534 F.2d 566, 573 (3rd Cir. 1976). A court may properly grant a motion for summary judgment only where all of the evidence before it demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). A genuine issue of material fact is found to exist where "a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

On a motion for summary judgment, the moving party bears the initial burden of identifying portions of the record demonstrating the absence of issues of material fact. <u>Celotex</u>, 477 U.S. at 323. The party opposing the motion may not rest upon the bare allegations of the pleadings, but must set forth "specific facts" showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Celotex</u>, 477 U.S. at 324. However, all

4

facts must be viewed and all reasonable inferences must be drawn in favor of the non-moving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## **Discussion**

In their Motion for Summary Judgment, Third Party Defendants Carpenters Health ask this Court to review the facts of <u>Carpenters Health, et al v. Richard's General, et al</u>, 01-2338 (E.D. Pa. 2001) and find that the proceedings in that action lack any indicia of fraud.  Such an endeavor is wholly unnecessary.  Even without delving into the details of the underlying ERISA action, it is abundantly clear to this Court that Third Party Defendants are entitled to judgment as a matter of law.  Defendant Berg, who lacks standing even to raise his inartfully pled fraud claim, has made no efforts to demonstrate to this Court that there is any legitimate basis in fact or law to support his allegations of fraudulent conduct by Carpenters Health.  Furthermore, the overall strategy taken in defense of the instant malpractice action causes this Court to seriously question the satisfaction of Defendant's obligations under Federal Rule of Civil Procedure 11(b).

The most fatal flaw in Defendant's Third Party Complaint is that Defendant lacks standing to bring a claim of fraud against

Carpenters Health. The requirements of standing are satisfied where a plaintiff has suffered an injury in fact fairly traceable to the defendant's actions, and where that injury will likely be redressed by a favorable decision by the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In this action, Defendant has demonstrated no causal connection whatsoever between the fraud on the court allegedly perpetrated by the Carpenters Health and any "injury" suffered by Defendant himself. In fact, this Court can identify no legally protected interest of Defendant Berg's which has been actually and concretely invaded by Carpenters Health or any other party. See Lujan, 504 U.S. at 560. As Defendant has failed to offer a more creative interpretation, this Court can only presume that Defendant considers himself "injured" by Plaintiffs' having brought the instant malpractice suit against him. Even if the inconvenience of being sued qualified as an injury in fact for standing purposes, the malpractice case presently before this Court is by no means traceable to the actions of Carpenters Health. Rather, it is a direct result of the "independent actions" of Defendant himself, in connection with his representation of Plaintiffs in Carpenters Health, et al v. Richard's General, et al. See Lujan, 504 U.S. at 560. As an attorney's obligation to diligently defend his client exists regardless of whether the claims against the client are

6

meritorious or frivolous, Defendant cannot excuse his professional negligence by now challenging the legitimacy of the Carpenters Health suit.  The time for debating the merits of Carpenters Health's ERISA claims has long since passed; indeed, it is Mr. Bergs's failure to raise these challenges in a timely fashion that brings him before this Court as a defendant.

This Court likewise finds that Defendant Berg lacks third-party standing to bring this fraud claim on behalf of Plaintiffs.  A party seeking third-party standing to assert the rights of another must establish that he has a close relationship with the person who possesses the right, and that some hindrance exists to the possessor's ability to protect his own interests.  Kowalski v. Tesmer, 125 S. Ct. 564, 567 (2004) (citing Powers v. Ohio, 499 U.S. 400 (1991)).  Defendant has not attempted to make such a showing, nor can he.  The fact that Plaintiffs are currently engaged in litigation against Mr. Berg demonstrates not only that Plaintiffs are capable of asserting their own interests in court, but that the relationship between these parties is anything but "close" or amicable.

Even if Defendant did have standing to raise these claims against Carpenters Health, his action is time-barred.  Under Pennsylvania law, fraud and malicious use of process are subject to a two year statute of limitations under 42 Pa. C.S.A. § 5524(7).  Woody v. State Farm Fire & Cas. Co., 965 F. Supp. 691,

7

694 (E.D. Pa.. 1997). As Carpenters Health's complaint, motion for entry of default, and motion for supplemental judgment were all filed prior to February of 2003, Defendant's claims are statutorily barred.

Furthermore, even viewing the allegations in the Third Party Complaint in their most favorable light, Defendant has failed to state a substantive cause of action for fraud. The only concrete fact offered in support of Defendant's fraud claim is that, as of June of 2002, Carpenters Health's own pleadings demonstrated that Mr. Holsworth owed no additional contributions to the Carpenters Health Funds. Berg Complaint, ¶ 14-16. Even accepting these allegations as true, Defendant has failed to plead with particularity how Carpenters Health's conduct before or after this alleged admission was in any way fraudulent. See Fed. R. Civ. P. 9(b). After the initial default judgment of $4,726.17 was entered in February of 2002, Carpenters Health never alleged that it was seeking further contributions unpaid by Mr. Holsworth; rather, their collection efforts sought only to recover attorney's fees and costs incurred while opposing the motion to strike and collecting the judgment from the garnishee. Furthermore, Defendant has offered no evidence to suggest that the contributions sought in the complaint and recovered in the initial default judgment were anything but legitimate.

Finally, this Court is compelled to briefly address the

propriety of Defendant Berg's pleadings in defense of this malpractice action. The undisputed record before this Court indicates that Mr. Berg represented Mr. Holsworth in <u>Carpenters Health, et al v. Richard's General, et al</u>, but waited almost a full year after the complaint was filed, five months after default was entered, and two months after default judgment was granted to file any response in defense of his client. When plaintiffs in that action sought a supplemental judgment to recover attorney's fees incurred in opposing the defendants' untimely and unsuccessful motion to strike, Mr. Berg again failed to file any response for seven months. As a result of his attorney's neglect, Mr. Holsworth has accrued substantial losses and now seeks satisfaction before this Court. In an admittedly creative but highly frivolous attempt to defend himself in the pending malpractice action, Defendant Berg raises, for the first time, allegations of fraud against Carpenters Health. It appears that the motion to strike filed in the underlying action raised no allegations of fraud on the part of Carpenters Health, and that Defendant Berg, despite ample opportunity to do so, made no efforts to petition Judge Robreno for relief from judgment in that action on the grounds of fraud. <u>See</u> Fed. R. Civ. P. 60(b). Rather, almost four years after the allegedly fraudulent complaint was filed in <u>Carpenters Health, et al v. Richard's General, et al</u>, and only upon being faced with a potentially

9

meritorious malpractice suit by his former client, Defendant Berg has the temerity to petition this Court for relief on the grounds that Judges Waldman and Robreno were somehow fraudulently induced to grant judgment in favor of Carpenters Health.

Given that Defendant lacks standing to raise his inartfully pled claim, and has failed to even state a valid cause of action, this Court declines to collaterally review the judgment of its esteemed peers. Furthermore, having not even extended the courtesy of responding to the instant motion for summary judgment, Defendant has identified no "specific facts" showing that there is a genuine issue for trial, nor any legitimate evidence of fraudulent conduct on the part of Carpenters Health. For all these reasons, Defendant Berg's Third Party Complaint must be dismissed, with prejudice.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RICHARD HOLSWORTH and ELIZABETH   :    CIVIL ACTION
HOLSWORTH,                        :
                                  :    05-1116
        Plaintiffs                :
                                  :
    v.                            :
                                  :
PHILIP J. BERG, ESQ., et al       :
                                  :
        Defendants                :
```

**ORDER**

AND NOW, this     day of April, 2005, upon consideration of the Motion for Summary Judgment of Third Party Defendants Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America, and Carpenters Political Action Committee of Philadelphia and Vicinity (Doc. No. 4), it is hereby ORDERED that the Motion is GRANTED.  IT IS FURTHER ORDERED that:

(1) Defendant Philip J. Berg's Third Party Complaint against Third Party Defendants is hereby DISMISSED WITH PREJUDICE;

(2) This Court shall retain jurisdiction over this matter for a period of not less that thirty (30) days to permit Third Party Defendants to file a Motion for Sanctions Pursuant to Rule

11 against Defendant Philip J. Berg.

BY THE COURT:

_____
J. CURTIS JOYNER, J.