# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HOLSWORTH and ELIZABETH HOLSWORTH, | : : : | CIVIL ACTION 05-1116 |
| Plaintiffs | : : | |
| v. | : : | |
| PHILIP J. BERG, ESQ., | : : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

**JOYNER, J.**                                                     **June 2, 2005**

Via the instant motion, Third Party Defendants Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America, and Carpenters Political Action Committee of Philadelphia and Vicinity ("Carpenters Health") move for sanctions pursuant to Federal Rule of Civil Procedure 11 against Defendant Philip J. Berg, Esquire. For the reasons which follow, the Third Party Defendants' Motion shall be granted.

## Factual Background

The instant legal malpractice case has its origins in an Employee Retirement Income Security Act ("ERISA") action brought

in May of 2001 by Carpenters Health against Plaintiff Richard Holsworth and his contracting company, Richard's General Contracting, both represented by Defendant Philip J. Berg.  Mr. Berg failed to respond to Carpenters Health's complaint, and default judgment was entered against his clients in February of 2002.  In April of 2002, Mr. Berg filed a Petition to Strike Off Judgment or, in the Alternative, to Open Default Judgment and Stay Execution, but this petition was denied on its merits in July of 2002.  In January of 2003, Carpenters Health moved for supplemental judgment to recover additional attorneys' fees and costs incurred while opposing Mr. Berg's petition and collecting the initial judgment.  Mr. Berg again failed to respond, and supplemental judgment was granted in August of 2003.  See generally, Carpenters Health, et al v. Richard's General, et al, No. 01-2338 (E.D. Pa. 2001).

Plaintiffs Richard and Elizabeth Holsworth now seek recovery from Mr. Berg for his negligence and neglect in representing Mr. Holsworth and Richard's General in the above-described ERISA case.  This malpractice action was brought before the Court of Common Pleas of Philadelphia County in February of 2004, and removed to federal court after Mr. Berg joined Carpenters Health as Third Party Defendants.  Mr. Berg, who is proceeding pro se, alleges in his Third Party Complaint that the Carpenters Health suit wrongfully sought contributions that were never owed by Mr.

Holsworth, and that the pursuit of these funds "constitute[d] a fraud upon the Court and a fraudulent taking from the Holsworth's." Third Party Complaint, ¶ 17.

On March 30, 2005, Third Party Defendants moved for summary judgment on the grounds that the claims against them had no basis in fact or law. Mr. Berg failed to file a response, and his Third Party Complaint was dismissed with prejudice on April 26, 2005. See Holsworth v. Berg, No. 05-116, 2005 U.S. Dist. LEXIS 7288, 2005 WL 984193 (E.D. Pa. 2005). In our Order, this Court found that Mr. Berg lacked standing to even raise a claim against Carpenters Health, because he had suffered no legally cognizable injury in fact, let alone an injury fairly traceable to the actions of Carpenters Health or any other party.[1] Holsworth, 2005 U.S. Dist. LEXIS 7288 at 7-8. Furthermore, even if Mr. Berg did have standing to raise allegations of fraud against Carpenters Health, this Court found that his claims were time-barred, substantively inadequate, and irrelevant to his defense of the pending malpractice action. Id. at 8-11. "As an attorney's obligation to diligently defend his client exists regardless of whether the claims against the client are meritorious or frivolous," we wrote, "Defendant cannot excuse his

---

[1] This Court also found that Defendant Berg lacked third-party standing to bring a fraud claim against Carpenters Health on behalf of Plaintiffs. Holsworth, 2005 U.S. Dist. LEXIS 7288 at 8-9.

3

professional negligence by now challenging the legitimacy of the Carpenters Health suit. The time for debating the merits of Carpenters Health's ERISA claims has long since passed; indeed, it is Mr. Bergs's failure to raise these challenges in a timely fashion that brings him before this Court as a defendant." Id. at 8. This Court further noted that Mr. Berg had made no efforts to challenge the Carpenters Health action on grounds of fraud until being faced with a potentially meritorious malpractice suit three years later. Id. at 11-12.

While dismissing with prejudice Defendant's Third Party Complaint as frivolous, this Court retained jurisdiction over the action to permit Third Party Defendants to file a Motion for Rule 11 sanctions. Id. at 13. That motion is presently before this Court. Mr. Berg, whose standards for representing himself pro se are apparently as lax as his standards for representing paying clients, has, once again, failed to file a timely response.[2]

---

[2] As Third Party Defendants filed the instant motion on May 9, Mr. Berg's response was due on or before May 26. On May 31, Mr. Berg's secretary called chambers to request permission to move for an extension of time to respond. She noted that Mr. Berg had been out of town for two or three weeks, and would not be returning until June 9. This Court agreed to consider an untimely motion for an extension, which Mr. Berg's secretary said would be filed on June 1. No such motion was filed on that date. Instead, a letter bearing the signature of Mr. Berg's legal assistant was faxed to chambers on June 2, requesting an extension of time until June 27 in which to respond to Third Party Defendants' Motion. As Mr. Berg has consistently failed to satisfy his obligations before this Court, and as Third Party Defendants' Motion for Rule 11 Sanctions is ripe for review, this Court is unwilling to extend Mr. Berg any further courtesy.

**Discussion**

Federal Rule of Civil Procedure 11 establishes that the signature of an attorney or party on a document filed with the court constitutes a certification that the signer has read the document, that the signer has conducted "reasonable inquiry" to ensure that the document is well grounded in fact and warranted by existing law (or a good faith argument for the modification of such law), and that the document is not being filed for any improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b). If a court finds that Rule 11 has been violated, the imposition of sanctions is mandatory. See Ross v. Jolly, 151 F.R.D. 562, 567 (E.D. Pa. 1993) (citing Project 74 Allentown, Inc. v. Frost, 143 F.R.D. 77, 83 (E.D. Pa. 1992), aff'd w/out opinion, 998 F.2d 1004 (3rd Cir. 1993)).

Rule 11 was designed to "prevent abuse caused not only by bad faith but by negligence and, to some extent, by professional incompetence." Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3rd Cir. 1987). However, the Third Circuit has interpreted the language of Rule 11 to prescribe sanctions only in "exceptional circumstances," such as where a claim or motion is "patently unmeritorious or frivolous." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3rd Cir. 1988) (citing Gaiardo, 835 F.2d at 483). In determining whether Rule 11 has

been violated, the court must avoid the use of hindsight, but must make an independent determination of whether the signing of the document was objectively reasonable under the circumstances. See Gaiardo, 835 F.2d at 484; Ross, 151 F.R.D. at 567.

This Court finds this to be one of those exceptional circumstances where Rule 11 sanctions are appropriate. No objectively reasonable attorney, after even limited inquiry, could have found the Third Party Complaint against Carpenters Health to be well-grounded in fact and warranted by existing law. As explained in our Order dated April 26, 2005, Defendant's fraud claim against Carpenters Health was inadequately pled, not grounded in fact, time-barred, and utterly irrelevant to the pending malpractice action against him. Furthermore, even the most limited investigation would have revealed that Defendant had no standing to raise such a claim. Finally, Mr. Berg never sought relief from the Carpenters Health judgment before Judge Robreno on the basis of fraud, and instead waited three years to raise this claim in defense of a malpractice action. Taken together, these facts indicate that Mr. Berg failed to conduct a reasonable inquiry before filing his Third Party Complaint. Furthermore, the history of the present action (specifically, Defendant's failure to respond to the Third Party Defendants' Motion for Summary Judgment or to the instant Motion for Rule 11 Sanctions) suggests to this Court that Mr. Berg may have had an

improper purpose in filing his Third Party Complaint.  Were the Third Party Complaint motivated by a good-faith intent to present legitimate arguments supported by fact and law, rather than a desire to harass Carpenters Health or delay litigation, this Court would have expected some substantive response to the Third Party Defendants' challenges.  Having not even extended the courtesy of responding to the instant Motion for Sanctions or otherwise defending his position, Mr. Berg leaves this Court with no option but to impose Rule 11 sanctions.

    An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HOLSWORTH and ELIZABETH HOLSWORTH, | : | CIVIL ACTION |
| | : | |
| | : | 05-1116 |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| PHILIP J. BERG, ESQ., | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 2nd day of June, 2005, upon consideration of the Motion for Rule 11 Sanctions brought by Third Party Defendants Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America, and Carpenters Political Action Committee of Philadelphia and Vicinity (Doc. No. 7), it is hereby ORDERED that the Motion is GRANTED. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, it is FURTHER ORDERED that:

(1) Judgment is entered against Defendant Philip J. Berg and in favor of Third Party Defendants in the amount of $10,668.78, representing the attorneys' fees and costs incurred by Third Party Defendants through May 9, 2005;

(2) Within ninety (90) days of the date of this Order,

Defendant Philip J. Berg shall complete six (6) credits of ethics courses certified by the Pennsylvania Board of Continuing Legal Education. Immediately thereafter, Defendant shall file a written certification with this Court or the court which, on that date, may have jurisdiction over this matter, verifying that he has completed said course work;

    (3) The Clerk of the Court shall forward a copy of this Order and the accompanying Memorandum to the:

              Pennsylvania Bar Association
Committee on Legal Ethics and Professional Responsibility
                c/o Louise Lamoreaux
                  100 South Street
                    P.O. Box 186
              Harrisburg, PA 17108-0186

in order that the Committee may investigate claims against Mr. Berg under Rule 3.1 of the Pennsylvania Rules of Professional Conduct;

    (4) The Third Party Defendants may apply to this Court or to any court in which enforcement of this Order is sought for any further reasonable attorneys' fees and costs they incur in the collection and enforcement of this Order;

    (5) This Order is enforceable, without duplication, by one or more of the Third Party Defendants, jointly or severally, or their agents.

                        BY THE COURT:


                        s/J. Curtis Joyner
                        J. CURTIS JOYNER, J.