

JCJ

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
RICHARD HOLSWORTH and ELIZABETH :
  HOLSWORTH                       :
                                  :
        vs.                       :        C.A. NO: 05-cv-01116-JCJ
                                  :
PHILIP J. BERG, ESQUIRE, et al    :
                                  :
```

## ORDER

**AND NOW**, this           day of                     , 2005, upon consideration of

Defendant, Philip J. Berg, Esquire's Motion for Reconsideration of Rule 11 Sanctions and any

response thereto, it is hereby

**ORDERED and DECREED** that the Defendant's Motion for Reconsideration of Rule

11 Sanctions is GRANTED and the Sanctions are Vacated.

BY THE COURT:

_____

J. CURTIS JOYNER, J.

RICHARD HOLSWORTH and ELIZABETH  :
 HOLSWORTH                         :
                                   :
       vs.                    :     C.A. NO: 05-cv-01116-JCJ
                                   :
PHILIP J. BERG, ESQUIRE, et al   :
                                   :

## ORDER

    **AND NOW**, this        day of             , 2005, upon consideration of

Defendant, Philip J. Berg, Esquire's Request for Oral Argument Regarding his Motion for

Reconsideration of Rule 11 Sanctions and any response thereto, it is hereby

    **ORDERED and DECREED** that the Defendant's Motion for Oral Argument is

GRANTED and shall be heard on the _____ day of _____, 2005 in United States Court

House, 6th & Market Streets, Philadelphia, PA, Court Room _____, at _____ m. o'clock.

                                       BY THE COURT:

                                       _____
                                       J. CURTIS JOYNER, J.



JCJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RICHARD HOLSWORTH and ELIZABETH :
 HOLSWORTH                         :
                                   :
        vs.                        :        C.A. NO: 05-cv-01116-JCJ
                                   :
PHILIP J. BERG, ESQUIRE, et al     :   FILED
                                   :
                                     JUN 1 6 2005

                                     MICHAEL E. KUNZ, Clerk
                                            Dep. Clerk
        **DEFENDANT'S MOTION FOR RECONSIDERATION OF THE
RULE 11 SANCTIONS PURSUANT TO LOCAL CIVIL RULE 7.1(g)**


        Defendant, Philip J. Berg, Esquire, pro se, files this

Motion requesting this Honorable Court to Reconsider its Order

of June 2, 2005, entered on June 6, 2005 in the interests of

justice based upon extenuating circumstances.    The Defendant

timely filed his Motion For Reconsideration on June 16, 2005.


**Questions Presented:**


        Whether reconsideration of an Order granting Rule 11

Sanctions is warranted:


        a.        based upon "the interests of justice" related to

                  extenuating circumstances; and

E:\Berg Holsworth Motion Reconsider Rule 11.doc

b.      based upon the presence of these extenuating circumstances that precludes the "exceptions" as required in the issuance of Rule 11 sanctions.

Answered in the affirmative.

**Facts:**

Defendant requests reconsideration of the imposition of counsel fees and costs and ethics courses based upon the following:

1.      Defendant, Philip J. Berg, Esquire, an attorney admitted to practice by the Supreme Court of Pennsylvania on November 18, 1971, that being 33 years ago; admitted before the United States Eastern District Court for the Eastern District of Pennsylvania on December 12, 1972; and the Supreme Court of the United States on August 2, 1996; has been in good standing; and has never had sanctions imposed against him by any Court: federal or state;

2.    Defendant, Philip J. Berg, Esquire, has always had the highest respect for all Courts: federal and state;

3.    Defendant, Philip J. Berg, Esquire, consulted with two attorneys, one of which was the counsel for the Holsworth's, who recommended the joining of the Carpenters Welfare Fund et al;

4.    Defendant, Philip J. Berg, Esquire, assumes full responsibility for pursuing this course of action;

5.    The year of 2005 has had several extenuating circumstances, all of which opposing counsel was informed. It is my belief that he used this information to his advantage, and refused to extend any professional courtesies to the Defendant herein, Philip J. Berg, Esquire. [It is noteworthy that all other counsels upon being notified of the attendant circumstances extended professional courtesies];

6.      Defendant, Philip J. Berg, Esquire conveyed by telephone and written correspondence his situation to opposing counsel:

    a. By telephone calls to Eric B. Meyer, Esquire regarding the ongoing health problems;

        i. After the Motion for Summary Judgment was filed, Mr. Berg conveyed his intention to withdraw the action, but was precluded in doing so by continuing health problems;

            1. This is evidence by Mr. Berg's telephone call to the law clerk of the Honorable J. Curtis Joyner who informed Mr. Berg that an Order had been issued the previous day regarding the Motion for Summary Judgment;

    b. By telephone call to a Senior Partner of the law firm of Jennings Sigmond, P.C., Thomas Jennings, Esquire, followed by an e-mail to him dated 05/13/05 in an attempt to resolve this case:

      i.  acknowledging the issues related to the filing of the lawsuit;

     ii.  extending apologies to his client; and

    iii.  offering a settlement to preclude the escalation of legal fees that had been threatened by opposing counsel; **[See Exhibit "A" attached];**

c. By telephone call from my legal assistant, Melina Lezis, on May 20, 2005 [the day she received a response from my May 13th proposal] to Eric B. Meyer, Esquire, requesting an extension until I returned from European business trip, to which Mr. Meyer refused; **[See Exhibit "B" attached];**

d. By telephone call from me from Europe on May 27, 2005 to Eric B. Meyer, Esquire requesting an extension until I returned from Europe, to which Mr. Meyer refused; and

e. By telephone call from me from Europe to my legal assistant to request a continuance from the Court, that apparently was not made until June 2, 2005.

7.    However, Defendant, Philip J. Berg, Esquire realizes he should have made this Honorable Court aware of the extenuating circumstances, but submits them at this time in the interests of justice, that included:

a. Personal health problems of Philip J. Berg, Esquire:

   i. In February of 2005, Dr. Philip Pearlstein diagnosed pneumonia; an x-ray confirmed pneumonia, but also confirmed an enlarged heart;

   ii. Dr. Pearlstein sent Berg for a stress/echocardiogram that Defendant Berg failed, with extremely high blood pressure and an indication of total blockage of an artery by cardiologist, Dr. Konecke;

      iii. Dr. Konecke scheduled a cardiac catherization at Lankenau Hospital in March 2005;

      iv. Cardiac Catherization found total blockage on right side and forty percent blockage on left side;

      v. Resulting constant monitoring and treatment by cardiologist;

b. Staffing problems;

      i. The law practice of Philip J. Berg, Esquire has only one full time attorney, that being Philip J. Berg, Esquire.

      ii. The only attorney on staff who works ¾ time was out of office for an extended period as her long term live-in partner had a massive heart attack in April 2005 with the resultant multiple bypasses;

        iii. Also, my full-time paralegal, Norman Berg, had to undergo cancer surgery and related treatment [currently on chemo-therapy];

    c. Financial problems for the past three years related to the loss of major tenant from my historic office building and related staff and family problems; and

    d. Last minute overseas business trip [May 15th to June 9th] fully funded by organizational monies, but cut short by family funeral on June 7th.

8. Defendant, Philip J. Berg, Esquire avers that counsel for the Carpenters has continuously escalated legal fees.

**Oral Argument Request**: Defendant, Philip J. Berg, Esquire, requests this Honorable Court grant Oral argument for the purpose of providing specificity and any needed clarification as well as the sincerity of counsel in his request.

**WHEREFORE**, Defendant, Philip J. Berg, Esquire, requests this Honorable Court to Reconsider the Order of June 2, 2005, entered on June 6, 2005, imposing sanctions and requests the Order be vacated and sanctions forgiven.

Respectfully submitted,

6/16/05
Date

PHILIP J. BERG, ESQUIRE
Defendant, pro se
**LAW OFFICES OF PHILIP J. BERG**
706 Ridge Pike
Lafayette Hill, PA 19444
Identification No. 09867
(610) 825-3134

Subj:    **Holsworth, et al vs. Berg, et al**
Date:    5/13/2005
To:    tjennings@jslex.com
BCC:    pjblaw, philjberg

Thomas Jennings, Esquire
**JENNINGS SIGMOND, P.C.**
The Penn Mutual Towers
16th Floor
510 Walnut Street
Independence Square
Philadelphia, PA 19106-3683

May 13, 2005

Re:  Holsworth, et al vs. Berg, et al
    Case No. 05-CV-01116

Dear Tom:

Thank you for speaking with me regarding this matter that has gotten out of hand.

My associate obviously gave me bad advise and my health problems this year including failed cardiac stress test/echocardiogram followed by cardiac catherization [relief as I did not need stent or balloon] caused turmoil to my life.  All is under control - medication and diet.

I would like to resolve this matter.

First of all, please extend my apologies to your client for my [the buck stops here] allegations that cast a wrongful picture of your clients on matters that had been previously litigated.

I would like to offer the following:

Enter Judgment against me for Eight Thousand [$8,000.00] Dollars.

Equity = my office building at 706 Ridge Pike, Lafayette Hill, PA 19444
  - value = $1.5 Million

Building just in my name = Philip J. Berg

*//*

I am cash short.

Payment proposal = $400.00/month

With the entry of Judgment - stop all further legal proceedings.

I look forward to hearing from you.

Thank you.

Respectfully,

Philip J. Berg, Esquire

pjblaw@aol.com

and

**Exhibit "A"**

philjberg@aol.com

(610) 825-3134

**FILED**

JUN 1 6 2005

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

RICHARD HOLSWORTH and ELIZABETH :
  HOLSWORTH                :
                           :

        vs.              :     C.A. NO: 05-cv-01116-JCJ
                           :

PHILIP J. BERG, ESQUIRE, et al  :
                           :

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

This a plea for reconsideration based upon a ruling of the Court entering Rule 11 based sanctions. The availability of reconsideration is a matter of the Court's discretion and one of which the Petitioner genuinely seeks.

Reconsideration can be granted in the interest of justice. It is applicable in circumstances in which the Courts initial decision is based upon untimely responses to an adversary's motion. O'Rourke v. Krapf, 2002 U.S. District Lexis 18358 (ED Pa 2002).

Additionally, the key to success on a motion for reconsideration may focus upon setting forth of facts or legal issues overlooked by the court in its decision. These matters

E:\Berg Holsworth Motion Reconsider Rule 11.doc

overlooked must have the capacity to change the result of the decision imposed. The Court is able to disturb its prior ruling if the apparent facts would alter the courts legal conclusions. See Hudson United Bank v. Berwyn Holdings, Inc., 2000 U.S. District Lexis 15509 (ED Pa 2000).

Although there were numerous procedural errors, untimely responses and omissions, Petitioner did not do so with intention or defiance. Further, the enumerated facts within the petition including health crises, staffing problems and financial setbacks serve to establish to the court that this matter truly does not fall within the "exceptional circumstances" of the language of Rule 11.

It is therefore the prayer of the Petitioner that the Petition for Reconsideration be granted.

Respectfully submitted,

_6/16/05_
Date

_____ PTB2695
PHILIP J. BERG, ESQUIRE
**LAW OFFICES OF PHILIP J. BERG**
706 Ridge Pike
Lafayette Hill, PA 19444
Identification No. 09867
(610) 825-3134

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD HOLSWORTH and ELIZABETH HOLSWORTH | : : : | |
| vs. | : : | C.A. NO: 05-cv-01116-JCJ |
| PHILIP J. BERG, ESQUIRE, et al | : : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 16, 2005, a true and correct copy of Defendant's Motion For Reconsideration of Rule 11 Sanctions, was sent via regular mail, postage pre-paid to the following as stated:

Eric B. Meyer, Esquire
**JENNINGS SIGMOND, P.C.**
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Independence Square
Philadelphia, PA 19106-3683

John Slowinski, Esquire
7137 Torresdale Avenue
Philadelphia, PA 19135

# FILED

JUN **1 6** 2005

**MICHAEL E. KUNZ**, Clerk
By_____Dep. Clerk

Dated: _6/16/05_

PHILIP J. BERG, ESQUIRE
Defendant, Pro Se

E:\Berg Holsworth Motion Reconsider Rule 11.doc