# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HOLSWORTH, ELIZABETH HOLSWORTH | : : : | CIVIL ACTION |
| | : | 05-1116 |
| Plaintiffs, | : : | |
| v. | : : | |
| PHILIP J. BERG, ESQ., | : : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

**JOYNER, J.**                                                             **July 13, 2005**

Via the instant motion, Defendant Philip J. Berg, Esquire, moves for reconsideration of this Court's Order dated June 3, 2005 imposing sanctions on Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion shall be denied.

## Factual Background

The facts of this case have been clearly articulated in the two previous Orders issued by this Court relating to this matter.[1] The details of Mr. Berg's course of conduct will be recounted once again in this memorandum, however, so as to remove any modicum of doubt that imposing sanctions in this situation is

---

[1] (1) Holsworth v. Berg, No. 05-1116, 2005 U.S. Dist. LEXIS 7288, 2005 WL 984193 (E.D. Pa. 2005) (Granting Motion for Summary Judgment on Mr. Berg's Motion to Join Carpenters Health as a Third Party Defendant); and
    (2) Holsworth v. Berg, No. 05-1116, 2005 U.S. Dist. LEXIS 10972, 2005 WL 1334567 (E.D. Pa. 2005) (Granting Carpenters Health's Motion for Rule 11 Sanctions against Mr. Berg).

not only entirely appropriate, but mandatory in order to preserve the integrity of this Court and the American legal system.

The current legal malpractice action against Defendant Berg has its roots in an Employee Retirement Income Security Act ("ERISA") claim brought in May 2001 by Carpenters Health[2] against Mr. Berg's clients, Plaintiff Richard Holsworth and his company, Richard's General Contracting. Mr. Berg neglected to file a response to the claim or provide any legal defense whatsoever for his client. Even after default judgment was entered against his client, Plaintiff Holsworth, in November of 2001, Mr. Berg remained silent. In February of 2002, default judgment in the amount of $4,726.17 was granted in favor of Carpenters Health. In April of 2002, two months after default judgment was granted and eleven months after the suit was first filed against his client, Mr. Berg broke his silence by filing a Petition to Strike Off Judgment or to Open Default Judgment and Stay Execution. This petition was denied on its merits on July 2, 2002 and judgment was entered for the default judgment amount plus interest and costs, totaling $5,380.82. Carpenters Health then moved for supplemental judgment in January of 2003 to recover an

---

[2] "Carpenters Health" is a collection of organizations and pension funds including: Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America, and Carpenters Political Action Committee of Philadelphia and Vicinity.

incremental $4,762.49, which represented attorney's fees and costs incurred while defending Mr. Berg's April 2002 petition and collecting the judgment. Mr. Berg failed to respond to that motion as well, and supplemental judgment was granted in August of 2003. See generally, Carpenters Health, et al v. Richard's General, et al, 01-2338 (E.D. Pa. 2001).

Plaintiffs Richard and Elizabeth Holsworth, Mr. Berg's clients in the aforementioned ERISA case, filed a malpractice suit against Defendant Berg in February of 2004 in the Philadelphia County Court of Common Pleas. Plaintiffs assert that Defendant Berg negligently failed to legally represent them in the Carpenters Health case. One year later, on February 9, 2005, Defendant Berg moved to join the plaintiff in the ERISA case, Carpenters Health, as a Third Party Defendant in the malpractice claim, and sought damages in the amounts of $12,658.57 and $9,488.66 plus interest, attorney fees, and costs. Mr. Berg claimed that the suit filed by Carpenters Health in 2001, which led to the malpractice claim against him, was "a fraud upon the court and a fraudulent taking from the Holsworth's." Berg Complaint, ¶ 17. Plaintiffs' malpractice action was removed to this Court on March 9, 2005.

Carpenters Health moved for summary judgment on Mr. Berg's Third Party Complaint on March 30, 2005. After Mr. Berg again failed to respond, his complaint was dismissed with prejudice on

April 26, 2005.  See Holsworth v. Berg, No. 05-1116, 2005 U.S. Dist. LEXIS 7288, 2005 WL 984193 (E.D. Pa. 2005).  This Court found that it was "wholly unnecessary" to entertain the facts of the ERISA case and that it was "abundantly clear" that Carpenters Health was entitled to a judgment as a matter of law.  Id. at 6.

Citing his "highly frivolous" defense strategy in this malpractice suit, this Court ruled that Mr. Berg's Third Party claim lacked standing, any substantive basis in fact or law, and was also time-barred.  Id. at 7-9.  Questioning Mr. Berg's motive in filing his claim, this Court pointed out that in the almost 4 years after the ERISA suit was filed, Mr. Berg never raised any allegations of fraud – or any other legal argument - until he was faced with a malpractice claim.  Id. at 8-10.

In addition to dismissing Mr. Berg's Third Party Complaint with prejudice, this Court retained jurisdiction for thirty days to allow Carpenters Health to file a Motion for Rule 11 Sanctions, id. at 11-12, which Carpenters Health did on May 9, 2005.  Mr. Berg continued his trend of unprofessional conduct by, once again, failing to file a timely response.[3]

---

[3] Mr. Berg's response to the motion for sanctions was due no later than May 26, 2005.  In a phone call to chambers on May 31, Mr. Berg's assistant requested permission to move for an extension of the response deadline.  She noted that Mr. Berg had been out of town for two or three weeks and would not be returning until June 9.  Although the deadline for a response had already passed, this Court agreed to consider an untimely motion for an extension.  Despite the assurances of Mr. Berg's assistant that a motion would be filed by June 1, no such motion was ever received by this Court.  Instead, a letter signed by Mr. Berg's assistant was faxed to chambers on June 2, requesting that the deadline be extended until June 27.  In light of Mr. Berg's persistent and repeated neglect of his professional obligations, this Court

4

On June 3, 2005, this Court granted Carpenters Health's motion and imposed sanctions on Mr. Berg.[4]  Holsworth v. Berg, No. 05-1116, 2005 U.S. Dist. LEXIS 10972, 2005 WL 1334567 (E.D. Pa. 2005).  Filing a complaint completely devoid of any basis in fact or law, as would be apparent to any reasonable attorney after the slightest inquiry, qualified as an exceptional circumstance warranting Rule 11 sanctions.  Id. at 6.  Reiterating the sentiments of its previous Order, this Court stated that Mr. Berg's claim was "inadequately pled, not grounded in fact, time-barred, and utterly irrelevant to the pending malpractice action against him."  Id.  Citing Mr. Berg's history of failing to file timely responses, this Court indicated that Mr. Berg's complaint may be motivated by an improper purpose.  Id. at 6-7.

The instant Motion for Reconsideration was timely filed by Mr. Berg on June 16, 2005.  Mr. Berg contends that, in the interest of justice, the sanctions imposed on him should be forgiven due to "extenuating circumstances" such as health

---

was not inclined to permit Mr. Berg to further delay the review of Carpenters Health's ripe Motion for Rule 11 Sanctions.

[4] Sanctions imposed on Mr. Berg include:
  (1) Damages of $10,668.78 for attorney's fees and costs incurred by Carpenters Health through May 9, 2005;
  (2) Mr. Berg must complete six (6) credits of ethics courses certified by the Pennsylvania Board of Continuing Legal Education;
  (3) Further investigation of this matter by the Pennsylvania Bar Association's Committee on Legal Ethics and Professional Responsibility;
  (4) Carpenters Health may petition for additional legal fees or costs in association with the collection and enforcement of this matter.

problems, a three-week European business trip, and staffing and financial difficulties.  Additionally, Mr. Berg claims that counsel for Carpenters Health was aware of these circumstances and used this information to their advantage by refusing to extend Mr. Berg "professional courtesies."  Mr. Berg also blames opposing counsel for purposely escalating attorneys fees.  In his motion, Mr. Berg argues that a motion for reconsideration can be granted "in the interest of justice" when "the Court[']s initial decision is based upon untimely responses to an adversary's motion." Def.'s Mot. Reconsideration (June 16, 2005).[5]

### Standard of Review

The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion to reconsider must be based on one of three grounds: (1) the discovery of evidence that was unavailable at the time of the previous motion; (2) an intervening change in controlling law; or (3) the need to correct an error of law or to prevent a manifest injustice. Hartford Fire Ins. Co. v. Huls Am., Inc., 921 F. Supp. 278, 279 (E.D. Pa. 1995).  A motion to reconsider cannot be brought merely to request that the court "rethink what [it] had

---

[5] It is impossible to include a proper pinpoint citation because the document Mr. Berg filed with this Court lacks page numbering of any kind.

already thought through." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**Discussion**

In no way, shape, or form do the "extenuating circumstances" proffered by Mr. Berg even begin to justify, excuse, or explain his unprofessional and unethical course of conduct throughout this matter. These transparent excuses are not only patently insufficient to meet the legal standard for a motion for reconsideration, they are insulting to this Court and demeaning to the legal profession. This type of conduct from Mr. Berg, or any other attorney practicing before this Court, is unacceptable and will not be tolerated.

In claiming that this Court should reconsider its Order imposing sanctions because the decision was based merely on "untimely responses," Mr. Berg, similar to his Third Party Complaint, makes an argument that is entirely irrelevant to the matter at hand. Sanctions were imposed on Mr. Berg as a direct result of his irresponsible decision to file a frivolous Third Party Complaint which was utterly barren of any scintilla of legal principles. The complaint was intended to harass Carpenters Health and the Holsworth's, as well as to delay and disrupt the administration of justice. In addition to having no

7

standing to bring suit against Carpenters Health, Mr. Berg failed to conduct even a minimally reasonable inquiry before filing his complaint and made no good faith argument based in fact or law. The untimeliness of Mr. Berg's Third Party complaint was not the central factor in this Court's decision to impose sanctions, it merely served as yet another example of Mr. Berg's continuing display of disrespect for this Court and flagrant neglect of his professional duties.

None of the excuses or attempts to dodge responsibility contained in the instant motion are adequate to counteract the laundry list of unethical actions that drove this Court to impose sanctions on Mr. Berg. While insincerely accepting responsibility for his actions, Mr. Berg blames his associate for giving him bad advice and somehow convinces himself that fault should lie at the feet of opposing counsel for failing to extend him a seemingly never-ending string of professional courtesies. Also, Mr. Berg's assertion that opposing counsel purposely escalated legal fees is laughable. The genesis of these entire proceedings was the baseless Third Party Complaint filed by Mr. Berg himself in order to delay a potentially meritorious malpractice lawsuit against him.

At no time prior to the present motion did Mr. Berg inform this Court, or any other, of extenuating circumstances. Only after the imposition of sanctions awoke Mr. Berg from his slumber

did he put forth tales of health problems, European adventures, and staffing and financial difficulties.  It is not the responsibility of this Court to proactively seek out Mr. Berg and solicit reasons for the continued dereliction of his professional obligations.  As a practicing attorney, Mr. Berg retains the duty to conduct himself with dignity and attend to his cases no matter the circumstances.

Mr. Berg's conduct is the reason Rule 11 sanctions were implemented.  Other attorneys should look to Mr. Berg's actions as a blueprint for what ***not*** to do when attempting to effectively and honorably perform the duties of the legal profession.  This Court has grown weary of Mr. Berg's continuous and brazen disrespect toward this Court and his own clients.  Mr. Berg's actions, including the instant motion for reconsideration, are an enormous waste of judicial time and resources that this Court cannot, in good conscience, allow to go unpunished.  Accordingly, Defendant Berg's Motion for Reconsideration of this Court's decision to impose Rule 11 sanctions is denied.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RICHARD HOLSWORTH, | : | CIVIL ACTION |
| ELIZABETH HOLSWORTH | : | |
| | : | 05-1116 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PHILIP J. BERG, ESQ., | : | |
| | : | |
| Defendant. | : | |

## ORDER

**JOYNER, J.**                                                    **July 13, 2005**

AND NOW, this 13th day of July, 2005, upon consideration of Defendant Philip J. Berg's Motion for Reconsideration (Doc. No. 9) of this Court's Order dated June 3, 2005 (Doc. No. 8), and all responses thereto (Doc. No. 10), it is HEREBY ORDERED that Defendant's Motion is DENIED.

                                              BY THE COURT:


                                              s/J. Curtis Joyner
                                              J. CURTIS JOYNER, J.