```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RICHARD HOLSWORTH, | : | CIVIL ACTION |
| ELIZABETH HOLSWORTH | : | |
| | : | 05-1116 |
|     Plaintiffs, | : | |
| | : | |
|   v. | : | |
| | : | |
| PHILIP J. BERG, ESQ., | : | |
| | : | |
|     Defendant. | : | |

## **MEMORANDUM AND ORDER**

**JOYNER, J.**                                                      **July 26, 2005**

Via the instant motion, Defendant Philip J. Berg, Esquire, moves for reconsideration of this Court's Order dated June 3, 2005 imposing sanctions on Defendant pursuant to Rule 11 of the Federal Rules of Civil Procedure.  For the following reasons, Defendant's motion shall be denied.

## **Factual Background**

The facts of this case have been clearly articulated in the two previous Orders issued by this Court relating to this matter.[1]  The details of Mr. Berg's course of conduct will be recounted once again in this memorandum, however, so as to remove any modicum of doubt that imposing sanctions in this situation is

---

[1] (1) Holsworth v. Berg, No. 05-1116, 2005 U.S. Dist. LEXIS 7288, 2005 WL 984193 (E.D. Pa. 2005) (Granting Motion for Summary Judgment on Mr. Berg's Motion to Join Carpenters Health as a Third Party Defendant); and
    (2) Holsworth v. Berg, No. 05-1116, 2005 U.S. Dist. LEXIS 10972, 2005 WL 1334567 (E.D. Pa. 2005) (Granting Carpenters Health's Motion for Rule 11 Sanctions against Mr. Berg).

not only entirely appropriate, but mandatory in order to preserve the integrity of this Court and the legal profession.

The current legal malpractice action against Defendant Berg has its roots in an Employee Retirement Income Security Act ("ERISA") claim brought in May 2001 by Carpenters Health[2] against Mr. Berg's clients, Plaintiff Richard Holsworth and his company, Richard's General Contracting. Mr. Berg neglected to file a response to the claim or provide any legal defense whatsoever for his client. Default was entered against Mr. Holsworth, in November of 2001, and in February of 2002, default judgment in the amount of $4,726.17 was granted in favor of Carpenters Health. In April of 2002, two months after default judgment was granted, five months after default was entered, and eleven months after the suit was first filed against his client, Mr. Berg finally took action by filing a Petition to Strike Off Judgment or to Open Default Judgment and Stay Execution. This petition was denied on its merits on July 2, 2002 and judgment was entered for the default judgment amount plus interest and costs, totaling $5,380.82. Carpenters Health then moved for supplemental judgment in January of 2003 to recover an additional $4,762.49,

---

[2] "Carpenters Health" is a collection of organizations and pension funds including: Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, National Apprenticeship and Health and Safety Fund, Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America, and Carpenters Political Action Committee of Philadelphia and Vicinity.

2

which represented attorney's fees and costs incurred while defending Mr. Berg's April 2002 petition and collecting the judgment. Mr. Berg failed to respond to that motion as well, and supplemental judgment was granted in August of 2003. See generally, Carpenters Health, et al v. Richard's General, et al, 01-2338 (E.D. Pa. 2001).

Plaintiffs Richard and Elizabeth Holsworth, Mr. Berg's clients in the aforementioned ERISA case, filed a malpractice suit against Defendant Berg in February of 2004 in the Philadelphia County Court of Common Pleas. Plaintiffs assert that Defendant Berg negligently failed to legally represent them in the Carpenters Health case. One year later, on February 9, 2005, Defendant Berg moved to join the plaintiff in the ERISA case, Carpenters Health, as a Third Party Defendant in the malpractice claim, and sought damages in the amounts of $12,658.57 and $9,488.66 plus interest, attorney fees, and costs. Mr. Berg claimed that the suit filed by Carpenters Health in 2001, which led to the malpractice claim against him, was "a fraud upon the court and a fraudulent taking from the Holsworth[s]." Berg Complaint, ¶ 17. Plaintiffs' malpractice action was removed to this Court on March 9, 2005.

Carpenters Health moved for summary judgment on Mr. Berg's Third Party Complaint on March 30, 2005. After Mr. Berg again failed to respond, his complaint was dismissed with prejudice on

April 26, 2005.  See Holsworth v. Berg, No. 05-1116, 2005 U.S. Dist. LEXIS 7288, 2005 WL 984193 (E.D. Pa. 2005).  This Court found that it was "wholly unnecessary" to entertain the facts of the ERISA case and that it was "abundantly clear" that Carpenters Health was entitled to a judgment as a matter of law.  Id. at 6.

Citing his "highly frivolous" defense strategy in this malpractice suit, this Court ruled that Mr. Berg lacked standing to bring his Third Party claim and that the claim had absolutely no substantive basis in fact or law, and was also time-barred.  Id. at 7-9.  Questioning Mr. Berg's motive in filing his claim, this Court pointed out that in the almost four years after the ERISA suit was filed, Mr. Berg never raised any allegations of fraud until he was faced with a malpractice claim.  Id. at 8-10.

In addition to dismissing Mr. Berg's Third Party Complaint with prejudice, this Court retained jurisdiction for thirty days to allow Carpenters Health to file a Motion for Rule 11 Sanctions, id. at 11-12, which Carpenters Health did on May 9, 2005.  Mr. Berg continued his trend of unprofessional conduct by, once again, failing to file a timely response.[3]

---

[3] Mr. Berg's response to the motion for sanctions was due no later than May 26, 2005.  In a phone call to chambers on May 31, Mr. Berg's assistant requested permission to move for an extension of the response deadline.  She noted that Mr. Berg had been out of town for two or three weeks and would not be returning until June 9.  Although the deadline for a response had already passed, this Court agreed to consider an untimely motion for an extension.  Despite the assurances of Mr. Berg's assistant that a motion would be filed by June 1, no such motion was ever received by this Court.  Instead, a letter signed by Mr. Berg's assistant was faxed to chambers on June 2, requesting that the deadline be extended until June 27.  In light of Mr. Berg's persistent and repeated neglect of his professional obligations, this Court

4

On June 3, 2005, this Court granted Carpenters Health's motion and imposed sanctions on Mr. Berg.[4] Holsworth v. Berg, No. 05-1116, 2005 U.S. Dist. LEXIS 10972, 2005 WL 1334567 (E.D. Pa. 2005). This Court found that Mr. Berg filed a complaint completely devoid of any basis in fact or law, that such inadequacy would be apparent to any reasonable attorney after the slightest inquiry, and that Mr. Berg's improper filing qualified as an exceptional circumstance warranting Rule 11 sanctions. Id. at 6. Reiterating the sentiments of its previous Order, this Court stated that Mr. Berg's claim was "inadequately pled, not grounded in fact, time-barred, and utterly irrelevant to the pending malpractice action against him." Id. Citing Mr. Berg's history of failing to file timely responses, this Court indicated that Mr. Berg's Third Party complaint might have been motivated by an improper purpose. Id. at 6-7.

The instant Motion for Reconsideration was timely filed by Mr. Berg on June 16, 2005. Mr. Berg contends that, in the interest of justice, the sanctions imposed on him should be

---

was not inclined to permit Mr. Berg to further delay the review of Carpenters Health's ripe Motion for Rule 11 Sanctions.

[4] Sanctions imposed on Mr. Berg include:
  (1) Damages of $10,668.78 for attorney's fees and costs incurred by Carpenters Health through May 9, 2005;
  (2) Mr. Berg must complete six (6) credits of ethics courses certified by the Pennsylvania Board of Continuing Legal Education;
  (3) Further investigation of this matter by the Pennsylvania Bar Association's Committee on Legal Ethics and Professional Responsibility;
  (4) Carpenters Health may petition for additional legal fees or costs in association with the collection and enforcement of this matter.

5

forgiven due to "extenuating circumstances" such as health problems, a three-week European business trip, and staffing and financial difficulties. Additionally, Mr. Berg claims that counsel for Carpenters Health was aware of these circumstances and used this information to their advantage by refusing to extend Mr. Berg "professional courtesies." Mr. Berg also blames opposing counsel for purposely escalating attorneys fees. In his motion, Mr. Berg argues that a motion for reconsideration can be granted "in the interest of justice" when "the Courts [sic] initial decision is based upon untimely responses to an adversary's motion." Def.'s Mot. Reconsideration (June 16, 2005).

The present motion also contains details of failed settlement discussions between Mr. Berg and Carpenters Health that occurred in late May 2005, prior to this Court's order imposing sanctions. Mr. Berg, recognizing the frivolous nature of his complaint and using his building as collateral, apologized and offered to pay $8,000 in exchange for Carpenters Health withdrawing their Motion for Rule 11 Sanctions against him. On May 20, 2005, Carpenters Health requested that Mr. Berg consummate the agreement by sending a certified check in the amount of $3,200 no later than May 27, 2005. Because Mr. Berg was in Europe at the time, he requested that the deadline be extended until he returned on June 7, 2005. According to an e-mail sent by Mr. Berg's assistant, counsel for Carpenters Health

felt that Mr. Berg had more than enough time and refused to extend the deadline.  Id. at App. A-B.  No settlement between the parties was ever reached.

## **Standard of Review**

The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion to reconsider must be based on one of three grounds: (1) the discovery of evidence that was unavailable at the time of the previous motion; (2) an intervening change in controlling law; or (3) the need to correct an error of law or to prevent a manifest injustice. Hartford Fire Ins. Co. v. Huls Am., Inc., 921 F. Supp. 278, 279 (E.D. Pa. 1995).  Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration.  Evans v. U.S., 173 F. Supp. 2d 334, 335 (E.D. Pa. 2001).

In order to show a manifest injustice has occurred, the moving party must base its motion on arguments that have been previously raised but overlooked by the Court.  U.S. v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003).  A motion for reconsideration should not raise additional arguments that the movant "could have made but neglected to make prior to judgment." Id. at 677.  In addition, evidence that is not newly discovered and was previously available to be considered cannot be the basis

7

of a motion for reconsideration.  <u>Id.</u> at 692 (citing <u>Pavlik v. Lane Ltd.</u>, 135 F.3d 876, 882 (3d Cir. 1998)).

## **Discussion**

Mr. Berg seeks reconsideration on the grounds of injustice. While preventing a manifest injustice is a legitimate legal ground for reconsideration, Mr. Berg has failed to demonstrate that imposition of sanctions in this case would be unjust.  On the contrary, a manifest injustice would be done if this Court allowed Mr. Berg to engage in this course of conduct and escape unscathed.  Mr. Berg sets forth "reasons" for his frivolous actions, but in no way do the "extenuating circumstances" proffered by Mr. Berg even begin to justify his unprofessional course of conduct throughout these proceedings.  Not only are Mr. Berg's excuses patently insufficient to meet the legal standard for a motion for reconsideration, but they are also insulting to this Court and demeaning to the legal profession.

Mr. Berg, in his Motion for Reconsideration, first maintains that this Court's Order imposing sanctions was based merely on untimely responses, and contends that reconsideration is appropriate because his untimeliness was somehow justified.  In doing so, Mr. Berg, similar to his Third Party Complaint, makes an argument that is entirely irrelevant to the matter at hand. Sanctions were imposed on Mr. Berg as a direct result of his

irresponsible decision to file a frivolous Third Party Complaint which was utterly barren of any legitimate legal argument. In addition to having no standing to bring suit against Carpenters Health, Mr. Berg failed to conduct even a minimally reasonable inquiry before filing his complaint and made no good faith argument based in fact or law. Furthermore, this Court found that there was no justifiable reason for filing such a complaint, if not to harass Carpenters Health and the Holsworth's, as well as to delay and disrupt the administration of justice.

Mr. Berg fails to challenge this Court's decision on its merits or offer any arguments for why sanctions on these grounds are inappropriate. Instead, Mr. Berg rests his entire motion for reconsideration on a set of feeble explanations for his untimeliness in responding to previous motions. The untimeliness of Mr. Berg's Third Party complaint was not the central factor in this Court's decision to impose sanctions, but merely served as yet another example of Mr. Berg's continuing display of disrespect for this Court and neglect of his professional duties.

None of the excuses contained in the instant motion are adequate to counteract the laundry list of improprieties that drove this Court to impose sanctions on Mr. Berg. While Mr. Berg purports to accept responsibility for his actions, he then places

9

blame on his "associate"[5] for giving him bad advice and further faults opposing counsel for failing to extend him a seemingly never-ending string of professional courtesies.  Mr. Berg's further assertion that opposing counsel purposely escalated legal fees is meritless.  The genesis of these entire proceedings was the baseless Third Party Complaint filed by Mr. Berg himself in order to delay a potentially meritorious malpractice lawsuit against him.

At no time prior to the present motion did Mr. Berg inform this Court of any extenuating circumstances. Mr. Berg was given ample opportunity, including this Court's willingness to entertain an untimely motion for an extension, to respond to Carpenters Health's motion for sanctions with any argument or evidence he wished.  Only after the imposition of sanctions did Mr. Berg see fit to inform this Court of his health problems, European travel, and staffing and financial difficulties as justification for his actions.  It is not the responsibility of this Court to proactively seek out Mr. Berg and solicit reasons for the continued dereliction of his professional obligations.  As a practicing attorney, Mr. Berg retains the duty to conduct himself with dignity and attend to his cases no matter the circumstances.  An attorney, well or ill, has a duty to represent

---

[5] As Mr. Berg is the only practicing attorney in his firm, the Court is unclear to whom Mr. Berg is referring in Appendix A of his motion, an e-mail to opposing counsel discussing a settlement.

10

his client competently and shall not "neglect a legal matter entrusted to him." Vannoni v. TSO, 120 F.R.D 501, 503 (E.D. Pa. 1988) (citing Pa. Code of Prof. Resp. Rule 6-101(A)(3)).

Mr. Berg's conduct in filing a frivolous Third Party complaint and failing to offer any remotely legitimate legal argument in support of his position is the reason Rule 11 sanctions were implemented. Other attorneys should look to Mr. Berg's actions as a blueprint for what **not** to do when attempting to effectively and honorably perform the duties of the legal profession. This Court has grown weary of Mr. Berg's continuous and brazen disrespect toward this Court and his own clients. Mr. Berg's actions, including the instant motion for reconsideration, serve to divert judicial resources from legitimate matters, and this Court cannot, in good conscience, allow this conduct to go unpunished. Accordingly, Mr. Berg's Motion for Reconsideration of this Court's decision to impose Rule 11 sanctions is denied.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HOLSWORTH, ELIZABETH HOLSWORTH | : : : | CIVIL ACTION 05-1116 |
| Plaintiffs, | : : | |
| v. | : : | |
| PHILIP J. BERG, ESQ., | : : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 26th day of July, 2005, upon consideration of Defendant Philip J. Berg's Motion for Reconsideration (Doc. No. 9) of this Court's Order dated June 3, 2005 (Doc. No. 8), and all responses thereto (Doc. No. 10), it is HEREBY ORDERED that Defendant's Motion is DENIED.

In accordance with this Court's Order dated April 26, 2005 (Doc. No. 5), upon the final disposition of Plaintiffs' Motion for Rule 11 Sanctions, this Court lacks any basis for continued jurisdiction. Therefore, it is FURTHER ORDERED that this action be REMANDED to the Court of Common Pleas of Philadelphia County for further proceedings.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER, J.